UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUELYN MARES, M.D.,

    Plaintiff,

-vs-

MIAMI VALLEY HOSPITAL, *et al.*,

    Defendants.

Case No.: 3:20-CV-00453

JUDGE NEWMAN

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS WRIGHT STATE UNIVERSITY d.b.a. BOONSHOFT SCHOOL OF
MEDICINE, JEROME YAKLIC, M.D., G. THEODORE TALBOT, M.D., AND ALBERT
F. PAINTER'S, PSY.D MOTION
FOR JUDGMENT ON THE PLEADINGS**

Plaintiff's Complaint (Doc. 1, "Compl.") pleads sufficient facts to establish subject matter jurisdiction over this action and to state a claim for relief that is plausible on its face against Defendants Wright State University ("WSU") officials Yaklic, Talbot, and Painter (collectively "WSU"). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). For that reason, this Court should deny in their entirety the Rule 12(c) motion filed by Defendants.[1]

**Background**

Plaintiff was terminated in her final year of the Obstetrics and Gynecology graduate medical education program operated jointly by MVH and WSU ("Program"). Compl. ¶¶ 1, 15. She appealed this decision pursuant to certain due process rights in her employment contract with MVH and her enrollment contract with WSU. *Id.*, ¶¶ 1, 15; Compl. Exhs. A-C. She also had

---

[1] Doc. 24; filed November 19, 2021.

1

a right to procedural and substantive Due Process under the Fourteenth Amendment to the United States Constitution. *Id.*, ¶¶ 2, 9, 23, 26.

Plaintiff prevailed in her Due Process hearing. Compl. ¶ 22. *See also*, panel report attached hereto as Exh. 1[2]. The panel of three impartial physician faculty members found her termination was not supported by substantial evidence and recommended instead that she be permitted to continue her training under certain remedial measures. *Id.*

However, the Program inexplicably rejected the panel's evidentiary finding and determination and terminated Plaintiff anyway. Compl. ¶ 17. *See also*, letter upholding termination attached hereto as Exh. 2. The panel's proceeding was simply ignored, as if it never occurred, and the notification letter added some vague allegations that had not even been raised, much less supported by evidence before the panel. Compl. ¶ 18; *Id.,* Exh. 2. Plaintiff invoked her right to a secondary appeal, but it was rejected in an even more cursory fashion. *See*, "Letter Denying Secondary Appeal" attached hereto as Exh. 3.

## Plaintiff's Complaint

### A. Constitutional Due Process Claims (Counts 1 & 2)

The Due Process Clause imposes restraints on governmental decisions that deprive individuals of protected liberty or property interests. *Watkins v. Greene Metropolitan Housing Auth.*, 397 F.Supp.3d 1103, 1108 (S.D. Ohio 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

---

[2] In ruling on a Rule 12(c) motion, this Court may consider the pleadings and other materials as long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne County Dept. of Human Services*, 901 F.3d 656, 695 (6th Cir. 2018). Here, the documents attached by Plaintiff ot this response brief meet those conditions, specifically the Due Process panel's report (Exh. 1); the Programs' contrary letter upholding termination anyway (Exh. 2); and the WSU Dean's letter refusing to reverse that decision (Exh. 3).

1.  **Elements Common to Both Claims**

In Counts 1 and 2, Plaintiff pleads procedural and substantive Due Process claims under 42 U.S.C. § 1983 against Yaklic, Talbot and Painter acting in their official state capacities and/or under color of state law (Compl. ¶¶ 2-3, 9, 12-14, 25-28), and against MVH acting under color of state law (*Id*., ¶¶ 2-3, 9-11, 15, 17-18, 26-28). In addition to those claims seeking prospective injunctive relief, Counts 1 and 2 seek damages against Yaklic, Talbot and Painter in their personal capacities, and damages against MVH in its non-official corporate capacity. Plaintiff does not assert this claim against WSU itself, only its officials and MVH.[3]

"To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Kepperling v. Kepperling*, 2019 WL 2492787, at *2 (S.D. Ohio, June 14, 2019) (quoting *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012)). Here, Plaintiff alleges she was deprived of her procedural and substantive Due Process rights under the Fourteenth Amendment of the United States Constitution. Compl. ¶¶ 25-30. She further alleges this deprivation was committed by Yaklic, Talbot and Painter as employees of WSU, a state instrumentality (*Id*., ¶¶ 9, 12-14), and by MVH under color of state law in jointly operating the Program with that instrumentality. (*Id*., ¶¶ 9-11, 15, 17).

**The Individuals Employed by WSU Are Not Protected by Sovereign Immunity**

WSU argues extensively on the subject of sovereign immunity. However, this issue is entirely moot because Plaintiff is not asserting these claims against WSU itself, but against the individual Defendants in their official capacities. Compl. ¶¶ 4, 25-30. As to the second requirement of *Ex parte Young,* Plaintiff sufficiently pled this by seeking the injunctive relief of

---

[3] WSU's motion is thus moot to the extent it argues against, and seeks dismissal, of "Section 1983 claims against the State and its agencies." WSU Mo. at 1, 5-7.

reinstatement in order to complete her residency training. *Id*. WSU has already admitted that the *Ex parte Young* exception to sovereign immunity permits a claim of this nature. WSU Mo. 8. ("Plaintiff could pursue *Ex Parte Young* claims against the individual Defendants in their official capacities"). *See Diaz v. Michigan Department of Corrections,* 703 F.3d 956, 964 (6th Circuit 2013) ("Under this circuits precedent and *Ex parte Young*, the 11th Amendment does not bar suits for equitable prospective relief, such as reinstatement, against state officials in their official capacity.") Additionally, WSU admits that Plaintiff's claims against Yaklic, Talbot and Painter in their personal capacities are not barred by sovereign immunity. WSU Mo. 8 (citing *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018)).

**2. Additional Elements of Procedural Due Process Claims (Count I)**

To state a procedural Due Process claim, a plaintiff must sufficiently allege: (1) a protectible property or liberty interest; and (2) the absence of adequate procedures to protect that interest from state action. *Bethel v. Jenkins*, 2019 WL 917122, at *8 (S.D. Ohio, Feb. 25, 2019) (*quoting Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990)). Here, Plaintiff alleges that she had a protectible interest in her medical residency position (Compl. ¶ 26), and that Defendants' procedures were inadequate to protect that interest as demonstrated by the fact that she prevailed in those procedures, but was deprived of her protected interest nonetheless. *Id*. ¶¶ 1- 2, 22, 27.

Plaintiff had a protectible property interest in her continued employment. Her entitlement to continued employment arose through Defendants' policies and practices of training residents through completion of the four-year OBGYN Program. *See Christian v. Belcher*, 888 F.2d 410, 416-417 (6th Cir. 1989) ("The Supreme Court has held that a nontenured state employee may prove [a property] interest by showing that the policies and practices of the employer justified

4

[their] legitimate claim of entitlement to continued employment.") For more than three years, Plaintiff had worked more than 80 hours weekly in exchange for a small stipend <u>and credit toward her OBGYN board eligibility</u>. When Defendants improperly terminated her in the fourth year of training, Plaintiff was unable to transfer anywhere else and lost any credit for her investment.

Plaintiff also had a protectible liberty interest in her career. By terminating Plaintiff in the manner they did, Defendants deprived her of that interest through a stigmatizing action that so negatively affected her reputation, that it effectively foreclosed the opportunity to resume her training anywhere, become board-certified, and practice her chosen profession. *Parrino v. Price*, 869 F.3d 392, 398 (6th Cir. 2017). This stigma was publicly disclosed in an extensive fashion, not only to all of her colleagues and peers at the hospital, but to every other residency program to which Plaintiff sought to transfer and every state medical board to which she applied for a license. Plaintiff was not simply deprived of her position in the Program, she was effectively deprived of her career. *See Bright v. Gallia County, Ohio*, 753 F.3d 639, 658 (6th Cir. 2014) ("the freedom to choose and pursue a career, to engage in any of the common occupations of life, qualifies as a liberty interest which may not be arbitrarily denied by the State," quoting *Parate v. Isibor*, 868 F.2d 821, 831 (6th Cir. 1989)).

Turning to the applicable legal standard, whether a defendant's process was sufficient to satisfy the requirements of Due Process Clause turns on the private interests affected; the risk of erroneous deprivation of such interest through the procedures used; the probable value of additional safeguards; and the fiscal and administrative burdens upon the government that the additional process would entail. *Watkins v. Greene Metropolitan Housing Auth.*, 397 F.Supp.3d 1103, 1108 (S.D. Ohio 2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

5

Here, each of these factors favors Plaintiff. The nature of her interest was acute in that her entire career was at stake and has been entirely derailed by Defendants' violation (which is why she is seeking reinstatement to complete her training). Compl. ¶¶ 4, 24. The risk of erroneous deprivation here is high as it has already been established: the procedures in place during Plaintiff's full evidentiary hearing and resulting factual findings and determinations were completely disregarded and have no relation to the adverse action actually taken by Defendants. Where an institution does not follow the findings of its internal appeals process, it is evidence that "the stated reason was therefore not the real reason for [plaintiff's] firing." *Bagic v. Univ. of Pittsburgh*, 773 Fed. Appx. 84, n. 6 (3d Cir. 2019). Finally, it would have imposed no additional burden whatsoever for Defendants to honor the results of their own Due Process panel and rescind Plaintiff's termination.

Defendants erroneously emphasize an argument that does not even pass the straight-face test, namely that "**Plaintiff unmistakably concedes that she received a full pre-deprivation evidentiary hearing prior to removal.**" WSU Mo. 8-10 (emphasis in original); WSU Mo. 7-8 (no citations to authority). While that may have discharged Defendants' constitutional obligations if Plaintiff's termination had been based on the factual findings or determination of a hearing that Plaintiff lost, she had in fact won the hearing. Compl. ¶¶ 1, 22. "The procedural requirements of due process presuppose that the results of those required procedures will be respected . . . . There is no difference between failing to provide a due process hearing and providing one but ignoring the outcome." *Lightsey v. King*, 567 F. Sup. 645, 649 (E.D.N.Y. 1983).

Defendants Yaklic, Talbot, and Painter further argue that they bear no responsibility for the decision to dismiss Plaintiff from the Program, and that they merely "recommended" she be

6

dismissed. Of course, that is not what Plaintiff alleges. See e.g., Compl. ¶¶ 20-21 ("to mask their decision to dismiss Dr. Mares…Dr. Painter, Dr. Yaklic, and Dr. Talbot concocted a false narrative"; in furtherance of their efforts to conceal the true reasons for their decision to dismiss Dr. Mares from the Program, Defendants Dr. Painter, Dr. Yaklic, and Dr. Talbot portrayed Dr. Mares as an individual suffering from 'physician burnout.'")

In any event, it is enough that all three individual Defendants "made or participated in decisions affecting resident physicians' participation in the Program," including Plaintiff who was such a participant. Compl. ¶¶ 12-15. Defendants' argument ignores prevailing law governing individual liability for unconstitutional acts. In situations when there may be more than one individual responsibility for the offending actions, "each defendant's liability must be assessed individually based on his (or her) own actions." *Pollard v. City of Columbus*, 780F.3d 395, 402 (6th Cir. 2015).

Moreover, an official may be held liable for injuries sustained by an employee as a result of a discriminatory employment actions depending on the nature and extent of the officials' participation in the action. See *Ward v. Athens City Board of Education,* 187 F.3d 639 (6th Cir. 1999) ("An influential recommender can be liable under section 1983 without being the final decision maker, if the recommenders are shown to be significantly influential.") Plaintiff's Complaint alleges that each of the individual Defendants participated meaningfully in the decision affecting resident physicians' participation in the Program. Compl. ¶¶ 12- 14.

Furthermore, the Complaint not only ascribes to the individual Defendants an improper motivation for their recommendation to dismiss Plaintiff, but also that these Defendants concocted a bogus rationale to mask the true reason for her termination. Compl. ¶¶ 20-21. It

7

should be left to a jury to assess the impact or the influence that their activities had on Plaintiff's termination and inability to remedy it by exercising her Due Process rights.

### 3. Elements of Substantive Due Process Claim (Count 2)

To state a substantive Due Process claim, a plaintiff must allege arbitrary and capricious conduct on the part of a state instrumentality; in other words, that its decision "lacks a rational basis or is willful and unreasoning, without consideration and in disregard of the facts or circumstances of the case." *Mt. Pleasant Blacktopping Co., Inc. v. Greene County, Ohio*, 2021 WL 718843, at *3 (S.D. Ohio, Feb. 24, 2021) (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221-22 (6th Cir. 1992)). "Substantive due process claims may be loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that "shock the conscience." *Valot v. Southeast Local Sch. Dist. Bd. Of. Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997).

Defendants' misconduct falls within both categories. First, Plaintiff was deprived of the particular constitutional guarantee of procedural Due Process when Defendants conducted a full evidentiary hearing before a panel of three impartial faculty physicians, but then completely discarded its factual findings that termination was not supported by the evidence. Compl. ¶¶ 1, 22. That act violated Plaintiff's substantive Due Process rights, not merely the underlying act of depriving her of her protected interest in her residency position. Defendants ignore this in their motions. Even if a procedural Due Process violation could not serve as the predicate for a substantive Due Process claim under the first category above, Plaintiff alleges facts sufficient to support an Equal Protection violation of the "class-of-one" variety; she alleges she was treated differently than other medical residents, none of whom were "at will" students or employees, and there was no rational basis for that difference. Compl. ¶¶ 19-21, 23. *See Mt. Pleasant Blacktopping Co., Inc. v. Greene County, Ohio*, 2021 WL 718843, at *5 (S.D. Ohio, Feb. 24, 2021) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

Second, even if Plaintiff's substantive Due Process claim falls only within the second category, it shocks the conscience that the Program (a) conducted a completely illusory Due Process hearing, and (b) terminated Plaintiff on a false premise. Despite more than three years of successful performance, Defendants suddenly purported to find such glaring deficiencies that Plaintiff had to be terminated immediately. Compl. ¶¶ 18, 20. This abrupt turnabout was in fact pretextual, and the true reason Defendants terminated Plaintiff was to artificially inflate a statistic relevant to their accreditation, specifically the percentage of graduates intending to take the board certification exam. *Id*., ¶ 19. Defendants abruptly acted against Plaintiff once they learned her malaise had led her not to register for the post-graduation exam. It further shocks the conscience that even if Defendants were in fact terminating Plaintiff for symptoms of "physician burnout," those symptoms were caused by Defendants' own work environment and not by any choice of Plaintiff. *Id*., at 21.

At issue here is whether a federal court can review an academic decision of a public educational institution under a substantive Due Process standard. In considering this issue it should be noted that in *Board of Curators, University of Missouri v. Horowitz,* the United States Supreme Court assumed, without deciding, that federal courts can conduct such a review. *See University Michigan v. Ewing,* 474 US 214, 223 (1985) (assuming the existence of a state created property interest in continued enrollment the issue of whether the action was arbitrary must be determined by the facts on the record). This case raises this precise issue and must be decided similarly by an examination of the facts on the record.

To prevail on a substantive due process claim, a plaintiff must show that government has been guilty of arbitrary and capricious conduct in the strict sense, meaning that there is no rational basis for the decision. *Mt. Pleasant Blacktopping, Inc. v. Greene County,* 2021 WL

718843, *3 (S.D. Ohio 2021). Local government action is arbitrary and capricious only when it lacks a "rational basis" or is "willful and unreasoned without consideration and in disregard of the facts and circumstances of the case", *Id.*, citing *Pearson v. City of Grand Blanc,* 961 F.2d 1211, 1221- 22 (6th Cir. 1992).

Here, Plaintiff has specifically pleaded that the decision dismissing her from the program was "arbitrary, capricious, and rested upon consideration that had not been adopted as official standards or criteria for continued employment or participation in the program, as set forth in, or made a part of the agreement, or the Graduate Medical Education Agreement." Compl. ¶ 30. She further alleged that the rationale for the decisions offered by defendants was a pretext for inappropriate conduct and resulted from a "false narrative that Plaintiff had failed to demonstrate satisfactory progress through her residency…" Compl. ¶ 20. If proven, Plaintiff's allegations satisfy the elements of a claim for violation of substantive due process. It would not be rational, much less reasoned, to countenance the dismissal of a qualified student of a professional graduate program on the grounds that by doing so the institution would retain its accreditation. *See* Compl. ¶¶ 19-20.

Indeed, the unconstitutional process deprived Plaintiff of her property interest in being able to continue her professional pursuits and choice of livelihood. *See Johnson v. Morales,* 946 F.3d 911, 937 (6th Cir. 2020) (noting that a property interest in one's means of livelihood has been recognized as "one of the most significant things an individual can possess" citing to *Ramsey v. Board of Education of Whitley County,* 844 F.2.d 1268, 1273 (6th Cir. 1988)). Yet Defendants' argument is premised on the notion that because Plaintiff was granted a due process hearing in name, she must have necessarily received due process in fact. That premise is false. Defendants' action effectively prevented Plaintiff from receiving a reasoned, considered, and rational decision with respect to her opportunity for continued participation in the program.

    4. **Breach of Contract Claims (Counts 3 and 4)**

WSU argues that the State has not waived their sovereign immunity, and therefore Plaintiff cannot bring claims for relief under Ohio state law.[4] The individually named Defendants argue that Plaintiff is barred from pursuing a breach of contract action outside of an Ohio state claims court. Plaintiff is not alleging breach of claims against Wright State University or the individual Defendants (Yaklic, Talbert or Painter) and therefore Plaintiff concedes to Defendants' points. Plaintiff is *not* waiving or abandoning her claims of breach of contract as asserted against Defendants Miami Valley Hospital and Preferred Health Partners, however.

## Conclusion

For the foregoing reasons, Defendants' motions for partial judgment on the pleadings under Rule 12(c) should be denied.[5]

Respectfully submitted,

MEZIBOV BUTLER
*/s/ Marc D. Mezibov*
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com

---

[4] Plaintiff acknowledges that under controlling Ohio law (O.R.C. § 2743.02, Article One, § 16 and R.C. § 9.86), Plaintiff cannot proceed on breach of contract claims against Defendants Wright State University and the individually named Defendants.

[5] If any portion of Defendants' motion is granted, judgment should not be "with prejudice" as Defendants have asked, but rather without prejudice and with leave to amend the Complaint.

11

/s/ Sherman Marek, Esq.
55 East Monroe St., Suite 3800
Chicago, IL 60603
Phone: 312.470.7662
smarek@marekweisman.com
(to be admitted pro hac vice)

*Attorneys for Plaintiff Jacquelyn Mares, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system to all attorneys of record on this 17th day of December, 2021.

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)

12