**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELYN MARES, M.D.,** | ) | |
| | ) | Civil Action No. 3:20-cv-00453 |
| **Plaintiff,** | ) | |
| | ) | Judge Michael J. Newman |
| **v.** | ) | |
| | ) | |
| **MIAMI VALLEY HOSPITAL, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

_____

**DEFENDANTS MIAMI VALLEY HOSPITAL & PREMIER HEALTH PARTNERS'**
**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY (Dkt. 28)**
_____

## I.      INTRODUCTION

On December 14, 2021, this Court ordered Plaintiff to show cause by December 17 as to why the MVH Defendants'[1] Motion for Summary Judgment (Dkt. 25, "MVH MSJ") should not be granted due to Plaintiff's failure to file a responsive brief in the time permitted by the local rules. (Dkt 26). Plaintiff ignored the Court's express order. Instead, she filed a motion asking the Court to grant her additional time to depose Dr. Teresa Zryd about the contents of an affidavit the MVH Defendants served on Plaintiff two years ago.

The Court should deny Plaintiff's Motion for Leave to Take Discovery (Dkt. 28, "Rule 56(d) Motion") for at least four reasons. First, Plaintiff blatantly ignored the Court's order requiring her to show cause or oppose the MVH MSJ by December 17; her Rule 56(d) Motion does neither. Second, Plaintiff's Rule 56(d) Motion is untimely as a matter of law because it was

_____

[1] "MVH Defendants" refers collectively to Defendants Miami Valley Hospital and Premier Health Partners.

filed after Plaintiff's deadline to respond to the MVH MSJ. Third, the only reason Plaintiff does not already have the discovery she seeks—a deposition of Dr. Zryd—is because Plaintiff <u>did not conduct any discovery at all</u> during the two years this lawsuit has been pending in two different courts, and the Court should not reward her dilatory strategy. Fourth, and finally, none of the discovery Plaintiff seeks leave to conduct has any bearing on the arguments in the MVH MSJ, so there is no need for Plaintiff to conduct this discovery before the Court rules on the MVH MSJ.

## II.     RELEVANT PROCEDURAL BACKGROUND

A.     <u>Plaintiff Commenced This Action More than Two Years Ago by Filing a Substantively Identical Lawsuit in State Court.</u>

On June 21, 2019, Plaintiff commenced this action by filing a lawsuit ("State Court Action") in the Montgomery County, Ohio, Court of Common Pleas ("State Court"). (Declaration of Karen Dunlevey "Dunlevey Dec." at ¶¶ 4, 6; *id.* at Exs. A, B). Plaintiff alleged in the State Court Action that defendants wrongfully terminated Plaintiff's enrollment in Wright State University's Obstetrics and Gynecology Program ("Program"). (*Id.*, Ex. B at ¶¶ 1-4). Plaintiff named, *inter alia*, the MVH Defendants and Dr. Zryd as Defendants in the State Court Action. (*Id.* at ¶¶ 8-9, 13).

On September 11, 2019, the MVH Defendants and Dr. Zryd filed a motion for summary judgment in State Court. (Dunlevey Dec. at Ex. C. The motion was supported by the affidavit of Dr. Zryd dated September 11, 2019 ("Dr. Zryd Affidavit"). (*Id.*)

On September 23, 2019, Plaintiff filed a motion under Ohio Rule of Civil Procedure 56(F)[2] requesting "a continuance to allow her to take discovery to establish facts necessary to respond to" the MVH Defendants' State Court summary judgment motion. (Dunlevey Dec. at Ex. D). Plaintiff

---

[2] Ohio Rule of Civil Procedure 56(F) is substantively similar to Federal Rule of Civil Procedure 56(d).

argued she had not had "an opportunity to explore the underlying facts through discovery" and should be entitled to conduct discovery before responding to Dr. Zryd's allegedly "uncorroborated, self-serving affidavit." (*Id.* at 4).

On May 19, 2020, Plaintiff voluntarily dismissed the State Court Action by filing a notice of voluntary dismissal pursuant to Ohio Rule of Civil Procedure 41(A). (Dunleavy Dec. at Ex. E). Plaintiff did not conduct any discovery during the approximately ten months during which the State Court Action was pending. (Dunleavy Dec. at ¶ 10).

      B.    <u>Plaintiff Re-Filed This Action in Federal Court and Did Not Conduct Any Discovery During the 13 Months this Case Has Been Pending</u>.

On November 5, 2020, Plaintiff filed the instant Complaint in the United States District Court for the Southern District of Ohio. (Dkt. 1). The Complaint is premised on the same purported facts as the State Court Action, *i.e.*, Plaintiff's allegations that defendants wrongfully terminated Plaintiff's enrollment in the Program. (Dkt. 1 at ¶¶ 1-4).

Seven months later, the Court entered an order referring this case to mediation. (Dkt. 19). The parties participated in mediation conferences on August 24, 2021, and October 5, 2021. (Dkt. 21; 09/29/2021 Notice of Mediation). Mediation was declared at an impasse in October 2021. (Rule 56(d) Motion at 6).

On November 19, 2021, the MVH Defendants filed the MVH MSJ. (Dkt. 25). The MVH MSJ is supported by the Dr. Zryd Affidavit—the <u>exact same</u> affidavit the MVH Defendants (and Dr. Zryd) attached to their motion for summary judgment in the State Court on September 11, 2019. *Compare* Dkt. 25-1 with Dunleavy Dec., Ex. C, p. 18.

Plaintiff was required to respond to the MVH MSJ by December 10, 2021. *See* S.D. Ohio Civ. R. 7.2(a)(2). Plaintiff did not file a timely response (and to date, has not responded at all). On December 14, 2021, the Court entered an Order requiring Plaintiff to show cause by December

17, 2021, as to why the MHV MSJ should not be granted. (Dkt. 26). The Order explained that Plaintiff could satisfy the show-cause requirement by filing a memorandum in opposition to the MVH MSJ by December 17, 2021. (*Id.*) The Court's Order warned Plaintiff that failure to show cause may result in dismissal of the case: "Plaintiff is **ADVISED** that failure to show good cause or file a memorandum in opposition a set forth above may result in the dismissal of this case for failure to prosecute." (*Id.*)

Despite the Court's unequivocal warning, Plaintiff did not respond to the Order to Show Cause, nor did she file a memorandum in opposition to the MVH MSJ. Instead, just as she had done in State Court, Plaintiff filed a motion for leave to take discovery pursuant to Federal Rule of Civil Procedure 56(d). (Dkt. 28). The only discovery Plaintiff's Rule 56(d) Motion expressly requests leave to conduct is Plaintiff's deposition of Dr. Zryd. *See* Dkt. 28 at 4 (requesting leave to "take discovery, specifically including but not necessarily limited to" Dr. Zryd's deposition).

Plaintiff has not conducted any discovery during the approximately 13 months this lawsuit has been pending. (Dunlevey Dec. at ¶ 10).

## III. ARGUMENT

### A. Standard

Rule 56(d) requires a movant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Substantively, the movant must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). A trial court has discretion to deny Rule 56(d) motions and does not abuse that discretion when the movant "makes only general and conclusory statements regarding the need for more discovery," *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999), when the

movant's affidavit lacks "any details" or "specificity," *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989), or where the movant's affidavit "does not state how any discovery would have shed further light" on the issues to be decided at summary judgment, *Ball v. Union Carbide Corp.*, 385 F.3d 713, 721 (6th Cir. 2004).

   **B.**   **Plaintiff Did Not Comply with the Court's Order to Show Cause.**

   Initially, the Court should overrule Plaintiff's Rule 56(d) Motion because it is not responsive to this Court's express Order that Plaintiff either show cause as to why the Court should not grant the unopposed MVH MSJ, or file a responsive brief, by December 17. (Dkt. 26). Plaintiff's Rule 56(d) Motion does not even attempt to explain why Plaintiff did not timely oppose the MVH MSJ, nor does it respond to the MVH MSJ on the merits. The Court should not reward Plaintiff's blatant disregard for this Court's orders and briefing deadlines by belatedly allowing her to conduct discovery she could have—and should have—pursued earlier (as set forth *infra*).

   **C.**   **Plaintiff's Rule 56(d) Motion is Untimely as a Matter of Law.**

   A party requesting a Rule 56(d) extension must file its motion <u>before</u> the deadline to respond to its opponent's motion for summary judgment. *See Estes v. King's Daughters Med. Ctr.*, 59 Fed. Appx. 749, 754 (6th Cir. 2003) (plaintiff's Rule 56(f) motion was "untimely" when it was "filed after the . . . period in which to respond to a motion for summary judgment had expired"); *Strader v. AFSCME, Local 1027*, 2006 U.S. Dist. LEXIS 60095, ** 1-2 (S.D. Ohio Aug. 15, 2006) (denying plaintiff's Rule 56(f) motion as "untimely" when it was filed nine days after plaintiff's response to defendant's motion for summary judgment was due); *Chapple v. Wickerink*, 2012 U.S. Dist. LEXIS 139656, ** 2-3 (W.D. Mich. Sept. 28, 2012) ("A motion for relief under Rule 56(d) must be filed *before* the deadline for submitting a response to the motion for summary judgment.").

Here, the MVH Defendants filed their Motion for Summary Judgment on November 19, 2021. (Dkt. 25). Plaintiff was required to file a memorandum in opposition, at the latest, by December 10, 2021. *See* S.D. Ohio Civ. R. 7.2(a)(2). Plaintiff's Rule 56(d) Motion—filed on December 16—is untimely and fails as a matter of law. *See Estes*, 59 Fed. Appx. at 754; *Strader*, 2006 U.S. Dist. LEXIS 60095, \*\* 1-2; *Chapple*, 2012 U.S. Dist. LEXIS 139656, \*\* 2-3.

**D.     None of the *Plott* Factors Support Plaintiff's Request.**

When a party files a Rule 56(d) motion, the Sixth Circuit has advised courts to consider the following factors (known as the *Plott* factors): (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery, (2) whether the desired discovery would change the ruling, (3) how long the discovery period lasted, (4) whether the party seeking discovery was dilatory in its discovery efforts, and (5) whether the party moving for summary judgment was responsive to discovery requests. *See Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995); *see also Cressend v. Waugh*, 2011 U.S. Dist. LEXIS 24780, \*\* 5-6 (S.D. Ohio Mar. 11, 2011). Each of these factors weighs in favor of denying Plaintiff's Rule 56(d) Motion.

**1.     Plaintiff had ample opportunity to depose Dr. Zryd but chose not to.**

First, *Plott* factors one, three, and four all counsel against allowing Plaintiff's requested discovery because Plaintiff learned of the statements in Dr. Zryd's Affidavit two years ago (factor one), had two separate discovery periods (one in State Court and one this Court) in which to depose Dr. Zryd (factor three), but waited until 15 days before the second discovery period closed—and after she was ordered to show cause as to why her failure to timely oppose the MVH MSJ should not end this case—to raise the issue (factor four).

Plaintiff's arguments in support of her contention that she had "no practical or reasonable opportunity to take discovery" fail. *See* Rule 56(d) Motion at 5. First, Plaintiff appears to claim she could not conduct discovery early in the case because "Defendants filed motions to dismiss the complaint on the pleadings." *Id.* This argument fails as a matter of law. The federal civil rules allow (and in fact, expect) parties to begin discovery after the Rule 26 conference, which the parties conducted here on January 28, 2021. *See, e.g., Myers v. Marietta Mem'l Hosp.*, 2016 U.S. Dist. LEXIS 74137, * 6 (S.D. Ohio June 7, 2016) (Rule 26(d)(1) generally "permits parties to begin discovery after they have held their Rule 26(f) conference"); *AFT Mich. v. Project Veritas*, 2018 U.S. Dist. LEXIS 96323, * 2 (E.D. Mich. Feb. 28, 2018) ("discovery is <u>expected to commence</u>" after the Rule 26 conference) (emphasis supplied); *see also* Dkt. 6 at 1 (stating the Rule 26 conference occurred on January 28, 2021). The fact that defendants filed motions to dismiss does not change the fact that Plaintiff could have—and should have—conducted discovery starting after the January 28, 2021, Rule 26 conference. Courts routinely hold the filing of a motion to dismiss does not automatically stay discovery. *See AFT Mich.*, 2018 U.S. Dist. LEXIS 96323, * 2 ("It is also well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery."); *see also Ray v. Dir., Ohio Dep't of Health*, 2018 U.S. Dist. LEXIS 174305, * 5 (S.D. Ohio Oct. 10, 2018) ("Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect.") (quoting *Williams v. New Day Farms, LLC*, 2010 U.S. Dist. LEXIS 98934, * 4 (S.D. Ohio Sept. 7, 2010)).

Next, Plaintiff appears to argue that she could not conduct discovery because this case was referred to mediation. (Rule 56(d) Motion at 5-6). This argument is unavailing. The Court's June 21, 2021, order referring this case to mediation (five months after the discovery period commenced) did not stay the discovery period. *See* Dkt. 19. And Plaintiff offers no explanation

at all for her failure to seek Dr. Zryd's deposition between October 2021—when Plaintiff contends mediation concluded (Rule 56(d) Motion at 6)—and December 10, 2021—when Plaintiff's response to the MVH MSJ was due.

Finally, none of Plaintiff's arguments address the fact that Plaintiff could have deposed Dr. Zryd at any time during the State Court Action, where Dr. Zryd was a defendant and an active participant, but chose not to. Plaintiff has simply not identified any credible reason, other than her own delay, for why she has not deposed Dr. Zryd.

2.    Plaintiff did not conduct any discovery *at all*.

The fifth *Plott* factor—whether the party moving for summary judgment was responsive to discovery—favors the MVH Defendants because Plaintiff has not conducted any discovery at all in the more than two years since she commenced this lawsuit in State Court. (Dunlevey Dec. at ¶ 10). This is not a case in which discovery disputes, or defendants' objections, precluded Plaintiff from discovering the information she seeks. Plaintiff is solely responsible for her failure to have not conducted the requested deposition, and the Court should deny her Rule 56(d) Motion accordingly. *See Cressend*, 2011 U.S. Dist. LEXIS 24780, ** 8-9 (denying Rule 56(d) motion where "Plaintiff failed to conduct *any* discovery, despite having a full opportunity—nearly a full year []—to conduct such discovery").

3.    Plaintiff's requested discovery is not relevant to the MVH MSJ.

Finally, the second *Plott* factor—whether the requested discovery would change the ruling—favors MVH Defendants because the discovery Plaintiff seeks is not relevant to resolving the legal arguments in the MVH MSJ.

Initially, Plaintiff has not identified any facts she hopes to uncover in discovery. Instead, she lists topics of inquiry she would like to pursue. *See* Dkt. 28-1 at ¶ 4. Plaintiff's failure to

identify the facts she hopes her proposed discovery will uncover renders her motion deficient under Rule 56(d). *See Cacevic*, 226 F.3d at 489 (denying motion for discovery where plaintiffs did not "indicate to the district court what material facts they hoped to uncover") (cleaned up). In any event, Plaintiff does not explain how the discovery she requests leave to conduct would help her respond to the MVH MSJ. To the contrary, the questions Plaintiff seeks leave to ask have nothing to do with the arguments MVH Defendants assert in the MVH MSJ.

a. *Plaintiff's Due-Process Claims.*

The MVH MSJ established the MVH Defendants are entitled to judgment as a matter of law on Count One, for procedural due process, because (1) the MVH Defendants are not state actors, (2) the Complaint does not allege the violation of any clearly established constitutional right, (3) Plaintiff's own allegations establish that she was afforded sufficient process, specifically, that she received notice of her deficient performance, a full evidentiary hearing, and an opportunity to appeal her dismissal; and (4) the MVH defendants are not liable for Wright State University's ultimate decision to dismiss Plaintiff from the Program. (Dkt. 25 at 8-13). Similarly, the MVH MSJ established MVH Defendants are entitled to judgment as a matter of law on Count Two, for substantive due process, because (1) the MVH Defendants are not state actors, and (2) the Complaint does not allege the existence of any constitutionally protected property interest or conduct that "shocks the conscience." (*Id.* at 13-15). These Defendants further incorporate the arguments made relative to these claims by the remaining Defendants in the briefing on their Motion for Judgment on the Pleadings (Dkts. 7, 16, 24 and forthcoming Reply).

None of the discovery Plaintiff seeks leave to conduct is relevant to the resolution of any of these legal arguments. Plaintiff's Rule 56(d) Motion does not even attempt to explain why she needs the discovery she seeks in order to respond to any of the MVH MSJ's due-process

arguments. As just one example, Plaintiff has not set forth any argument (because there is none) as to why she needs to know the reasons Drs. Zryd and Dunn purportedly "rejected the recommendations of the hearing committee," *see* Dkt. 28-1 at ¶ 4, in order to respond to MVH Defendants' arguments that they are not state actors.

> b. *Plaintiff's Breach-of-Contract Claims.*

The MVH MSJ established that the MVH Defendants are entitled to judgment as a matter of law on Count Three, for breach of employment contract, because (1) Plaintiff fails to identify any specific terms of the Resident Agreement that were breached, (2) the Resident Agreement clearly provides that Plaintiff's relationship with MVH was terminable "at will," (3) MVH had an absolute contractual right to immediately terminate the Resident Agreement once Plaintiff was terminated by the Program, and (4) the Resident Agreement specifically provides that Plaintiff's completion of the residency program is in the "sole discretion" of the program director and academic competency committee. (Dkt. 25 at 15-18). Similarly, the MVH MSJ established MVH Defendants are entitled to summary judgment on Count Four, for breach of the Enrollment Agreement, because (1) Plaintiff has not identified any provision of the Enrollment Agreement she claims the MVH Defendants breached, and (2) the MVH Defendants were not contracting parties to the Enrollment Agreement. (*Id.* at 18-19).

Again, none of the discovery Plaintiff requests leave to conduct is relevant to the resolution of these arguments, and again, Plaintiff's Rule 56(d) Motion does not even attempt to explain why she needs this additional discovery to respond to them. As one example, Plaintiff has not explained why she needs to know whether Drs. Zryd or Dunn communicated with any members of the clinical competency committee, Dkt. 28-1 at ¶ 4, in order to respond to MVH Defendants' argument that the Resident Agreement was terminable "at will." And Plaintiff has not identified

any facts it hopes to learn in discovery that would allow Plaintiff to hold the MVH Defendants liable for breach of an Enrollment Agreement that they were not even parties to.

The Court should deny Plaintiff's Rule 56(d) Motion for the simple reason that Plaintiff has not identified the facts she hopes to uncover or explained why she needs those facts in order to respond to any arguments in the MVH MSJ. *See, e.g.*, *Ball*, 385 F.3d at 721 (where district court granted summary judgment to defendants based on the statute of limitations, district court did not err in denying plaintiff's Rule 56(f) motion because the motion did "not state how any discovery would have shed further light on the issue of when the statute of limitations began to run").

## IV.     CONCLUSION

For the foregoing reasons, Defendants Miami Valley Hospital and Premier Health Partners respectfully request the Court deny Plaintiff's Motion for Leave to Take Discovery (Dkt. 28) and grant their motion for summary judgment (Dkt. 25).

Respectfully submitted,

*/s/ Karen T. Dunlevey*
Karen T. Dunlevey (0067056)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (937) 949-3846
Facsimile: (513) 898-0051
Karen.Dunlevey@jacksonlewis.com

*Counsel for Defendants Miami Valley Hospital and Premier Health Partners*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and served upon all counsel of record through the Court's Case Management and Electronic Case Filing (CM/ECF) system on December 22, 2021.

/s/ Karen T. Dunlevey
Karen T. Dunlevey

4872-5398-9383, v. 1