IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUELYN MARES, M.D.,

                                                                          Case No. 3:20-CV-00453

      Plaintiff,

       -vs-                                                         JUDGE NEWMAN

MIAMI VALLEY HOSPITAL, *et al.*,

      Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

      Plaintiff concedes that she received a full evidentiary hearing before a neutral three-member panel. Despite this, she claims that the individual WSU Defendants violated her procedural due process rights by recommending her removal, despite the fact that the Provost possesses ultimate authority over these decisions as prescribed in the Due Process section of the Resident Program Manual. (Doc. 1-3, PAGEID#21, Paragraph 6). Disagreement with a hearing panel (which is the sole alleged procedural due process violation put forth by Plaintiff), particularly when it comports with the process described in a "Due Process" policy, does not rise to the level of a Constitutional violation.

      Plaintiff's substantive due process argument is a camouflaged procedural due process claim. Again, Plaintiff does little more than disagree with the ultimate decision removing her from the residency program. Disagreement falls far short of the applicable "shocks the conscience" standard and would convert every academic decision into a potential substantive due process violation.

1

Plaintiff concedes she no longer brings her breach of contract claims against WSU and the individual WSU Defendants. (Doc. 29, p. 11, PAGEID#219). Accordingly, those claims are not addressed herein.

Accordingly, the WSU Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings and dismiss Plaintiff's Complaint against them in its entirety with prejudice.[1]

## I. PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIM FAILS

In her Response (Doc. 29, p. 3, PAGEID#211), Plaintiff concedes that she brings her procedural due process claims against the individual WSU Defendants in their individual capacities, and seeks non-monetary relief (i.e., reinstatement to the academic program) under *Ex Parte Young* against these same Defendants in their official capacities. However, Plaintiff has failed to state a procedural due process claim.

Plaintiff first argues that she had a "protectible property interest in her continued employment," and a "protectible liberty interest in her career." (Doc. 29, pp. 4-5, PAGEID#212-13). But WSU was not her employer – it provided the academic portion of her residency program.[2] Again, Plaintiff made no effort to analyze whether she enjoys a procedural due process interest in continued enrollment in a higher education program. As Defendants already pointed out (Doc. 24, p. 9, FN2, PAGEID#142), this Court recently observed, "it is not entirely

---

[1] As noted in the "Procedural History" section of their renewed Motion for Judgment on the Pleadings (Doc. 24, pp. 2-3, PAGEID#135-36), the WSU Defendants previously moved for Judgment on the Pleadings on February 10, 2021 (Doc. 7), which was later denied without prejudice. (Doc. 23). Plaintiff filed her memo contra on April 8, 2021. (Doc. 13). Plaintiff's re-filed memo contra (Doc. 29) appears to be substantially similar to her previous filed memo contra. (Doc. 13). Accordingly, this Reply is substantially similar to the one previously filed. (Doc. 16).

[2] Plaintiff recognizes this in her Response: "She appealed this [termination] decision pursuant to certain due process rights in her **employment contract with MVH** and her **enrollment contract with WSU**." (Doc. 29, p. 1, PAGEID#209).

settled in the Sixth Circuit as to whether a student's continued enrollment at a state university is an interest protected by procedural due process." *Marshall v. Ohio Univ.*, No. 2:15-CV-775, 2015 U.S. Dist. LEXIS 155291, *37 (S.D. Ohio Nov. 17, 2015) (collecting cases).  Thus, as a threshold issue, it is at best questionable whether Plaintiff even enjoys a due process interest in her continued enrollment in WSU's residency program.

Even if it is assumed *arguendo* that a protectible interest existed, Plaintiff concedes that her procedural due process argument boils down to: 1) her disagreement with the reversal of the panel's recommendation, and 2) her claim that the individual defendants allegedly put forth a bogus rationale.  But Defendants reiterate that this is not the appropriate analysis.  As this Court made clear in *Marshall*, "[n]otice and opportunity to be heard remain the most basic requirements for procedural due process." *Id.* at *37 (citations omitted).  It is undisputed that Plaintiff received notice of the allegations against her and an opportunity to be heard before the panel.  In easily dismissing the due process arguments in *Marshall*, this Court observed, "Marshall does not allege that he did not have sufficient notice about the hearing, that he was not permitted to fully respond to and defend against [the] allegations, or that he was denied an opportunity to fully participate in the hearing."  *Id*. at *38. Here, Plaintiff makes no such arguments either.  She continues to ignore these basic procedural due process elements, and instead focuses on the recommendation issued by the hearing panel.  The *Marshall* factors are the appropriate focus of a procedural due process case -- not the ultimate outcome reached by the decisionmaker.

It is also important to note that the process followed here was explicitly set forth in Item 504 of the Wright State University School of Medicine Resident Program Manual, entitled "Academic and Professional Standards / Due Process." (Doc. 1-3, PAGEID#18-21)).  A panel

3

consisting of three faculty members was convened, the panel conducted the hearing in which Plaintiff fully participated and was able to rebut the allegations presented against her, the panel then submitted a written recommendation to the dean and the employing chief executive officer, the dean and the officer reviewed the panel's recommendation and notified Plaintiff of their decision, Plaintiff appealed this decision to the Provost, and the Provost affirmed her removal from the program. All steps in the "due process" section of the Manual were followed to the letter. Plaintiff does not allege otherwise.

Further, this Court has recently addressed and discarded the precise arguments Plaintiff makes here. In *Saqr v. Univ. of Cincinnati*, this Court observed,

> Certainly, the fact that a litigant loses an appeal proceeding does not ordinarily provide grounds for concluding that the ruling authority violated the litigant's procedural due process rights, or that the appeal result was somehow "fixed." Otherwise, virtually every litigant who loses any type of appeal could raise such a claim, with no more factual or legal support for the claim than "I lost, therefore my constitutional due process rights must have been violated."

S.D. Ohio No. 1:18-cv-542, 2019 U.S. Dist. LEXIS 26467, *27 (Feb. 20, 2019), R&R adopted, 2019 U.S. Dist. LEXIS 41137 (S.D. Ohio, Mar. 14, 2019).

*Saqr* is directly on point. Plaintiff does not identify any process that she was due that she did not receive. She does not allege that there were flaws in the hearing process. She does not allege that the applicable process spelled out in the Manual was not followed in a meaningful manner. She simply disagrees with the ultimate decision reached. This is not the appropriate focus of a procedural due process argument. Plaintiff plainly received all the process she was due.

In a similar context (tenure denial), the Northern District of Ohio easily discarded nearly identical arguments under nearly identical factual circumstances in both the procedural and substantive due process contexts. *Ragozzine v. Youngstown State Univ.*, No. 4:13-CV-750, 2 F.

4

Supp. 3d 1051, 1071 (N.D. Ohio 2014), *aff'd*, 783 F.3d 1077 (6th Cir. 2015). In *Ragozzine*, the Tenure Denial Review Committee unanimously found that the professor's tenure denial was wrongfully made. Thereafter, YSU's President, after reviewing the Committee's report, upheld the professor's tenure denial. According to YSU's policy, the President's decision was final and binding on all parties. *Id.* at 1057. Judge Pearson easily shot down Plaintiff's procedural due process argument:

> Ragozzine does not explain or support with legal authority his apparent argument that the non-binding nature of the [Committee's] recommendation rendered the review process unfair. Nor does he advance evidence to support his allegation that his appeal was a "sham proceeding." Rather, he complains that President Anderson decided not to follow the [the Committee's] non-binding recommendation. This is not evidence establishing a due process violation. *Id.* at 1071, citing *Purisch v. Tenn. Technological Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996) (finding fault with the overall conclusion reached by a committee does not render the process unfair).

Plaintiff suggests that Drs. Dunn and Zyrd were required to accept as conclusive the recommendation of the panel, and that in rejecting the recommendation these decisionmakers failed to follow their own process. Plaintiff cites to a Third Circuit decision, *Bagic v. Univ. of Pittsburgh*, 773 Fed. Appx. 84, n. 6 (3d Cir. 2019), for the proposition that a university's liability can be premised on the failure to follow its own internal discipline processes. However, *Bagic* involved an ethnicity discrimination claim under 42 U.S.C. § 1981, not a "due process" claim. And contrary to what Plaintiff implies, an employer's failure to follow its own formal procedures "does not in and of itself implicate constitutional due process concerns." *Ji Qiang Xu v. Mich. State Univ.*, 195 Fed. Appx. 452, 457 (6th Cir. Aug. 24, 2006), *citing Purisch*, 76 F.3d at 1423; *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 92, (1978), fn. 8 (disagreeing that a university's failure to follow its own rules amounts to a constitutional violation); *Rogers v. Tennessee Bd. of Regents*, 273 Fed. Appx. 458, 462 (6th Cir. 2008)

(preliminary and final written evaluations completed by student's clinical instructor satisfied notice requirement "regardless of whether [the clinical instructor] failed to follow certain notice procedures ser out in the Nursing Handbook). The relevant inquiry in this case is whether Plaintiff was afforded due process under the Fourteenth Amendment (which she was), not whether WSU followed its policies (which it did).

Even if the policy did not expressly recognize the authority of Drs. Dunn and Zyrd to reject the panel's recommendation (which it did), a plaintiff's procedural due process rights are not violated merely because a decisionmaker disagrees with, and rejects, a recommendation made by the hearing officer(s). While Plaintiff tries to conjure evidence that the individual WSU Defendants harbored some antipathy toward her, her efforts are misplaced. Plaintiff cannot show that the individual WSU Defendants' alleged improper motives "w[ere] not attenuated by the multiple layers of the review process." *See, Benjamin v. Schuller*, 400 F.Supp.2d 1055, 1072-1073 (S.D. Ohio 2005) (rejecting an OSU faculty member's argument that a biased decisionmaker had tainted an entire faculty peer review process, leading to the revocation of his clinical privileges at the James Cancer Hospital). As in *Benjamin*, Plaintiff had multiple layers of review from the decision to remove her from the Program, and she "received the opportunity to rebut evidence against h[er]" at a full evidentiary hearing. Here, as in *Benjamin,* it cannot be concluded that the process was "so compromised . . . that Defendants did not give Plaintiff an opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. at *1073. Indeed, Plaintiff makes little attempt to impute the individual WSU Defendants' alleged improper motives to the decisionmakers. Plaintiff makes a vague reference to the purported reason of "physician burnout," but does not develop her argument. (Doc. 29, p. 7, PAGEID#215).

6

## II. PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM FAILS

The interests protected by substantive due process are much narrower than those protected by procedural due process. *Bell v. Ohio State Univ.*, No. 351 F.3d 240, 249-50 (6th Cir. 2003). "Moreover, there is no case law precedent for the proposition that a college student has a substantive due process right to continue her studies. To the contrary, case law has noted that 'concerns of federalism, judicial capacity, and academic freedom counsel against the recognition of such an interest.'" *Rogers v. Tennessee Bd. of Regents*, No. 2:04-CV-434, 2007 U.S. Dist. LEXIS 104262, *15-16 (E.D. Tenn. Jan. 30, 2017), *aff'd* 273 Fed. Appx. 458 (6th Cir. 2008) (a nursing student's "interest in her nursing education is not protected by substantive due process)" (quoting *Bell*, 351 F.3d at 240) (citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 222 (1985)). University faculties are given the widest range of discretion "in making judgments as to the academic performance of students and their entitlement to promotion or graduation." *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 96 n. 6 (1978). The courts are "particularly ill-equipped to evaluate academic performance." *Id.* at 92. The WSU Defendants reiterate that the Sixth Circuit has concluded that absent an equal protection violation, there is no substantive due process right to continued enrollment at a state university. *See Bell*, 351 F.3d at 251 ("Where . . . there is no equal protection violation, we can see no basis for finding that a medical student's interest in continuing [his] medical school education is protected by substantive due process.")

The parties agree that these types of claims "may be loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.'" *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997). Plaintiff proceeds under both categories. With respect to the first, she admittedly retreads

7

her procedural due process argument that the panel recommendation was not followed. (Doc. 29, p. 8, PAGEID#216). Plaintiff's argument on this point is not entirely clear; however, the WSU Defendants cited any number of cases that stand for the proposition that she does not have a substantive due process interest in continued enrollment in her residency program. (Doc. 24, pp. 12-13, PAGEID#145-46). Despite having an additional opportunity to provide support for her assertion, Plaintiff flatly claims that she has a "protected interest in her residency position." (Doc. 29, p. 8, PAGEID#97). Defendants have cited any number of cases that hold otherwise. And, as stated above, substantive due process protections are narrower than procedural due process protections.[3]

With respect to the second category of "shocks the conscience," Plaintiff yet again falls back on her same arguments: (1) an alleged "completely illusory" Due Process hearing was conducted; and 2) plaintiff was terminated on a "false premise." (Doc. 29, p. 9, PAGEID#217). Disagreement with a recommendation in the higher education setting and presenting reasons for a removal from a residency program that Plaintiff disagrees with fall far short of the "shocks the conscience" standard. The WSU Defendants did not engage in actions that "violate[d] the decencies of civilized conduct" or that were "so brutal and offensive that [they do] not comport with traditional ideas of fair play and decency." *Range v. Douglas*, 763 F.3d 573, 589-90 (6th Cir. 2014). Plaintiff asks this Court to turn substantive due process claims into the federal

---

[3] Plaintiff also argues a "class of one" theory in support of an Equal Protection violation. (Doc. 29, p. 8, PAGEID#216). Plaintiff did not plead an Equal Protection claim in her Complaint. And even if she did, courts have been unwilling to recognize the class-of-one equal protection claim in the context of educational discipline "due to the inherently discretionary decisionmaking that occurs there." *Nofsinger v. Va. Commonwealth Univ.*, No. 12-236, 2012 U.S. Dist. LEXIS 97857, *11 (E.D. Va. July 13, 2012) (further citations omitted). In *Nofsinger*, the court refused to find the availability of a class-of-one equal protection claim for a student challenging his expulsion from a PhD program for lack of academic progression and professional behavior. *See also, Reyes v. Bauer*, No. 11-15267, 2013 U.S. Dist. LEXIS 100338, *20-25 (E.D. Mich. July 13, 2012) (citations omitted) (holding that a class-of-one Equal Protection claim was a "poor fit" for academic dismissal from University of Michigan Dental School).

Administrative Procedure Act. And the Sixth Circuit has made clear that it will not do so: "[n]ot all arbitrary and capricious state action amounts to a violation of substantive due process." *Hussein v. City of Perrysburg*, 617 F.3d 828, 832 (6th Cir. 2010), quoting *Bell*, 351 F.3d at 251.

In *Ragozzine*, the Northern District gave short shrift to the professor's similar substantive due process argument: "Ragozzine has not shown that the recommendation by [his immediate supervisor] or the decision by [the President] to deny him tenure was "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Id.* at 1073, citing *Gutzwiller v. Fenik*, 860 F.2d 1317, 13284 (6th Cir. 1988). There was no substantial departure here either; to the contrary, the recommendation/final approval process (which is essentially the same utilized by YSU in *Ragozzine*) is fully contemplated by the "Academic and Professional Standards / Due Process" portion of the Wright State University School of Medicine Resident Program Manual.

Plaintiff cannot establish either that she had an interest protected by substantive due process or that the WSU Defendants' actions constituted a denial of substantive due process.

## IV. CONCLUSION

For the reasons set forth above, and in the WSU Defendants' Motion for Judgment on the Pleadings, they respectfully request that Plaintiff's Complaint be dismissed against them in its entirety, with prejudice.[4]

---

[4] Pursuant to the Court's Scheduling Order entered on February 12, 2021 (Doc. 10), the deadline for motions to amend the pleadings expired on February 15, 2021. Moreover, this case has been active, in state court and now federal court, for well over two years. Finality is needed. Therefore, should the

Court grant any portion of the Defendants' Motion for Judgment on the Pleadings, such claims should be dismissed with prejudice.

        Respectfully Submitted,

        DAVE YOST (0056290)
        Attorney General of Ohio

        */s/ Drew C. Piersall*

        Drew C. Piersall (0078085)
            dcp@zrlaw.com
        Scott H. DeHart (0095463)
            shd@zrlaw.com
        Zashin & Rich Co., L.P.A.
        17 South High Street, Suite 900
        Columbus, Ohio 43215
        Telephone: (614) 224-4411
        Facsimile: (614) 224-4433

        *Attorneys for Defendants,*
        *Wright State University d.b.a. Boonshoft*
        *School of Medicine, Jerome Yaklic, M.D.,*
        *G. Theodore Talbot, M.D., and Albert F.*
        *Painter, Psy.D.*

## **CERTIFICATE OF SERVICE**

This will certify that the foregoing was filed electronically on December 22, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Drew C. Piersall*

        Drew C. Piersall (0078085)
        Zashin & Rich Co., L.P.A.