UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUELYN MARES, M.D.,

     Plaintiff,                     Case No.: 3:20-CV-00453

     -vs-

MIAMI VALLEY HOSPITAL, *et al.,*        JUDGE NEWMAN

     Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS MIAMI VALLEY HOSPITAL & PREMIER HEALTH PARTNERS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO TAKE DISCOVERY**

     Plaintiff's Motion For Leave to Take Discovery (Doc. 28, "Motion for Leave") establishes with the required specificity that Plaintiff needs the additional discovery as described and outlined in the Affidavit attached to Plaintiff's Motion. Further, because Plaintiff satisfies all of the *Plott* Factors as described herein, Defendants will not be harmed or prejudiced by Plaintiff's ability to conduct discovery. In the opposite, both parties, and the Court, will benefit from further discovery being conducted. For these reasons, and the reasons previously provided by Plaintiff, this Court should grant Plaintiff's Rule 56(d) Motion.

**Procedural Background**

I.     <u>The Procedural History of State Court Filings Are Irrelevant</u>

     Defendants attempt to embellish and inflate the amount of time that Plaintiff has had to conduct discovery in this matter. The only case that is before this court and subject to this court's rulings pertaining to discovery is ***this*** case, not the case previously filed in Ohio State Court. (emphasis added). In their efforts to magnify their allegations of Plaintiff's dilatory acts, Defendants have failed to inform this Court of the complete procedural history of the State Court matter.

1

The parties did not exchange discovery in the "State Court Action" because Defendants filed for Summary Judgment on September 11, 2019, less than three (3) months after Plaintiff commenced the action, and only eight (8) days after Defendants filed multiple different Answers. More importantly, Defendants filed their Motion for Summary Judgment in the "State Court Action" before the parties were even permitted to engage in discovery per a governing discovery plan. Such plans, which are compulsory for the parties, "achieve the prompt and fair disposition of civil cases [and] provide the Court with an efficient means of controlling the flow of civil cases." *Citing* Mont. Co. C. P. 2.01(A).

In immediate response to Defendants' efforts to race to the State courthouse with dispositive motion filings supported by self-serving Affidavits, Plaintiff requested that the Court stay its ruling on Defendants' dispositive motions until Plaintiff was able to conduct discovery. Plaintiff filed her motion on October 15, 2019. On May 19, 2020, because the Court had not ruled on Plaintiff's Motion to conduct discovery during the pendency of Defendants' dispositive motions, Plaintiff grew apprehensive and voluntarily dismissed the State Court Action so that she may later re-file in the Southern District of Ohio.

From a thorough and complete review of the procedural history of the "State Court Action", it is evident that Plaintiff had no opportunity to conduct discovery based on Defendants' premature dispositive motions filings before a governing discovery plan was agreed upon and entered by the Court.[1] Finally, Plaintiff did not file this present action before this Court until November 5, 2020. For obvious reasons, there was no opportunity for Plaintiff to conduct discovery on inactive litigation between the dates of May 19, 2020 and November 5, 2020. For the reasons stated *supra*,

---

[1] Between September 11, 2019 (the date of Defendants' dispositive motion filing) and May 19, 2020 (the date of Plaintiff's Voluntary Dismissal), Plaintiff had no opportunity to conduct discovery because Defendants' would not engage in discovery during the pendency of their dispositive motions.

because Plaintiff had no opportunity whatsoever to conduct discovery during the pendency of the State Court Action, Defendants' representation to this Court that Plaintiff was dilatory toward its opportunities to conduct discovery during the State Court Action is erroneous and should be completed disregarded by this Court during its considerations of Plaintiff's Rule 56(d) Motion.

II.     <u>Plaintiff's Limited Opportunities to Conduct Discovery in the Federal Court Action</u>

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(d)(1).*Noco Co., Inc. v. Zhejiang Quingyou Elec. Commerce Co*., 2021 U.S. Dist. LEXIS 119500, *4 (N.D. Ohio 2021). While "[r]ule 26(d) vests the district court with discretion to order expedited discovery", courts typically require a party moving for early discovery to demonstrate good cause. *Id.* Here, neither Plaintiff nor Defendant moved to initiate discovery ***before*** the occurrence of the required Rule 26(f) conference. In fact, the parties did not complete a Rule 26(f) Conference until February 4, 2021, three (3) months after Plaintiff filed her complaint before this Court. In sum, between November 5, 2020 and February 4, 2021, Plaintiff was unable to conduct discovery pursuant to the Federal Rules because the parties had not completed their Rule 26(f) Conference.

In an almost identical fashion to their race to dispositive motions in the State Court Action, Defendants filed a Motion for Judgment on the Pleadings only six (6) days after the Rule 26(f) conference.[2] Defendants' act of filing a dispositive motion required Plaintiff to pivot away from serving discovery because she instead had to direct focus to drafting and filing a response to Defendants' Motion for Judgment on the Pleadings as opposed to conducting discovery. Plaintiff filed a Response to Defendants' Motion for Judgment on the Pleadings on April 8, 2021, and Defendants filed their final reply on April 22, 2021. As a direct result of Defendants' rush to file

---

[2] Doc. #7; Filed February 10, 2021.

a dispositive motion before the discovery process could even be initiated, Plaintiff was delayed an additional two and a half months from conducting discovery while she and Defendants were briefing and responding to Defendants' Motion for Judgment on the Pleadings filed on February 10, 2021.

Also, as a result of Defendants' "shotgun" filing of a dispositive motion so early on in the litigation process, the Court saw it fit to extend the deadline for the parties to exchange Rule 26 initial disclosures to April 23, 2021 (see Doc. #14). This is yet another delay of Plaintiff's ability to conduct discovery that resulted at no fault of the Plaintiff. Next, on June 21, 2021, Judge Newman referred this matter to Magistrate Judge Sharon L. Ovington for mediation. (See Doc. # 19). On July 15, 2021, the Court entered a formal order mandating that the parties complete mediation on August 24, 2021. (See Doc. #21). Despite an initial order that mediation occur on August 24, 2021, circumstances beyond Plaintiff's control required that mediation be continued until October 5, 2021[3]. Mediation concluded on October 5, 2021 and was unsuccessful. October 5, 2021, ***was the first opportunity*** that Plaintiff had, during the pendency of ***any*** litigation to initiate discovery. (emphasis added). And again, just as they had on numerous occasions previous, on November 19, 2021, Defendants rushed to the courthouse to file dispositive motions based solely on self-serving Affidavits. The docket establishes that Plaintiff could not have been dilatory as Defendants allege in their Opposition to Plaintiff's Rule 56(d) Motion because Plaintiff's earliest opportunity to conduct meaningful discovery did not present itself until October 5, 2021, only five weeks before Defendants filed its pending dispositive motions. Defendants' effort to quantify

---

[3] Between the dates of February 10, 2021 and October 5, 2021, the parties jointly agreed that conducting discovery during the pendency of motions and mediation would be an unjustified expense to their clients and that discovery should be delayed until after the completion of mediation.

Plaintiff's window of opportunity to conduct discovery as thirteen months long is a gross miscalculation that is directly refuted by this Court's docket entries and Orders entered.

III.     <u>Plaintiff's Rule 56(d) Motion is Timely.</u>

The case that Defendants cite to this Court as substantiation that Plaintiff's Motion is untimely is inapposite to the issues before this Court. In *Estes v. King's Daughters Med. Ctr.*, (6th Cir. 2003), the Court of Appeals for the Sixth Circuit reviewed the circuit court's decision to strike an affidavit of an expert witness that was not disclosed in a timely manner. Ultimately the Court determined that because the expert witness was not qualified to offer an opinion on the substantive matters of law before the court on a pending motion for summary judgment, the affidavit was properly stricken. In *Estes*, the Court took issue with the fact that the expert witness was disclosed through an Affidavit attached to a Rule 56 Motion nine months beyond the expert disclosure deadline. Defendants cannot cite to any binding, controlling case law that substantiates its assertion that "motion for relief under Rule 56(d) must be filed before the deadline for submitting a response to the motion for summary judgment", because no such standard exists.

IV.     <u>Legal Standard.</u>

Rule 56(d) of the Federal Rules of Civil Procedure governs when a nonmoving party asserts additional discovery is necessary before it can respond to a motion for summary judgment. "The purpose behind Rule 56(d) is to ensure the plaintiffs receive 'a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Id.* at 490 (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). Fed. R. Civ. P. 56(f) allows a district court to postpone consideration of a motion for summary judgment to allow a party to conduct additional discovery. *Estes v. King's Daughters Med. Ctr.*, 59 Fed. Appx. 749, 749 (6th Cir. 2003).

A nonmovant must show by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If so, the Court may defer considering or denying the motion for summary judgment, allow additional time for discovery, or issue any appropriate order. *See* Fed. R. Civ. P. 56(d)(1)-(3). *Lookout Mt. Suites, LLC v. Pinkston*, 2021 U.S. Dist. LEXIS 34562, *6.

According to the 6th Circuit, the following factors provide guidelines that should be evaluated in considering whether to permit the requested discovery: (1) when the parties seeking discovery learned of the issue that is the subject of desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests. (*Lupo v. Willis Law Firm,* supra citing to *Plott v. General Motors Corp.,* 71 F.3d 1190, 1196-1197 (6th Cir. 1995) (the *"Plott"* factors)).

Plaintiff meets all five (5) of the *Plott* factors by and through a specific affidavit attached to her Motion (Docket # 31). Here, the *Plott* factors overwhelmingly militate in favor of granting this motion. Dr. Mares has had no practical or reasonable opportunity to take discovery. (See Motion to Modify Preliminary Pretrial Conference Order, Doc. 27). Immediately upon receiving the complaint, Defendants filed motions to dismiss the complaint on the pleadings. (See Doc. 7 and 11). These motions were denied without prejudice to refiling so that the parties could participate in mediation. (See Doc. 22 and 23). Mediation was declared at an impasse in October, 2021. As a consequence, no discovery whatsoever was conducted in this matter during this period. Rather than refile its motion for judgment on the pleadings, MVH and PHP filed a motion for summary judgment under Rule 56 relying for the first time upon facts outside the pleadings. (Doc. 25). Accordingly Dr. Mares has had no opportunity to take discovery to challenge the facts on which Defendants rely in seeking summary

judgment in their favor. Nor has there been an dilatoriness on the part of Dr. Mares in seeking discovery.

Moreover, the fact that MVH and PHP have filed the affidavit of Dr. Zyrd in support of their motion is testament to the significance of Dr. Zyrd's assertions of fact to the disposition of this motion. Indeed, her averments in her affidavit go to the very heart of Dr. Mares' due process claims. It necessarily follows that the validity and accuracy of her statements are ripe for challenge. Clearly, Dr. Mares must be afforded the opportunity to explore the integrity of the decision of Dr. Zyrd and Dr. Dunn to reject the results of the due process hearing. It is arguable, at the very least, that Dr. Mares did not receive the "process" to which she was due under the Constitution and Item 504 before she was terminated. Discovery on this point is essential. (See *Lupo v. Willis,* supra "if the movant 'has not received a full opportunity to conduct discovery,' denial of that parties Rule 56(d) motion and ruling on summary a judgment motion would likely constitute an abuse of discretion." (Citing to *Cressend,* 2011 WL 883059, at *2).

Under the rules of procedure it is incumbent upon the movant to demonstrate her need for discovery with particularity. (See Fed. R. 56(d)). In the accompanying Affidavit of Marc Mezibov attached to Plaintiff's Rule 56(d) Motion, Dr. Mares does just that.

V.     Plaintiff Has Not Had An Opportunity to Conduct Meaningful Discovery

For the reasons stated *supra* herein, Plaintiff has not had the opportunity to take Dr. Zyrd's deposition, nor conduct any other discovery, thereby establishing the need for this Court to grant Plaintiff's Rule 56(d) Motion.

VI.  **Defendants Cannot Claim that Discovery is Unnecessary Where They Have Requested To Take the Deposition of Plaintiff and Served Discovery on Plaintiff**

Defendants appear to be talking out of both sides of their mouth. On one side, they argue that further discovery is unnecessary, and that Plaintiff should not be afforded the benefit of discovery where she has "deliberately delayed." On the other side, just within the last few weeks, Defendants have requested to take the deposition of Plaintiff Dr. Mares before the close of discovery (December 31, 2021). See Attached Exhibit 1; emails from defense counsel asking for Plaintiff's deposition availability. Not only are Defendants adamantly pursuing the deposition of Plaintiff since the filing of their dispositive motions, but on the very same day that Defendants filed their Motion for Summary Judgment, they served upon Plaintiff written discovery requests. Plaintiff has made efforts to extend the discovery deadline without Court intervention, but has been unsuccessful in convincing Defendants. See Attached Exhibit 2. One can only assume that Defendants have elected to not file a formal certificate of service so that the Court would remain in the dark as to their duplicitous gamesmanship.

Defendants are disingenuously arguing that further discovery would not have any bearing on the substantive issues at hand while at the same time attempting to depose Plaintiff and serving written discovery requests on November 19, 2021. Defendants would not be seeking to depose Plaintiff or obtain discovery responses from her unless they had reason to believe that they will obtain discovery relevant to the resolution of their legal arguments.

VII.  **Plaintiff Outlines The Relevancy of The Discovery Sought to her Due Process & Breach of Contract Claims in Her Rule 56(d) Motion**

Defendants argue that "none of the discovery Plaintiff seeks leave to conduct is relevant to the resolution" of her due process claims. This point is easily defeated because Plaintiff specifically mentions in her Motion that,

"Moreover, the fact that MVH and PHP have filed the affidavit of Dr. Zyrd in support of their motion is testament to the significance of Dr. Zyrd's assertions of fact to the disposition of this motion. Indeed, her averments in her affidavit go to the very heart of Dr. Mares' due process claims. It necessarily follows that the validity and accuracy of her statements are ripe for challenge. Clearly, Dr. Mares must be afforded the opportunity to explore the integrity of the decision of Dr. Zyrd and Dr. Dunn to reject the results of the due process hearing. It is arguable, at the very least, that Dr. Mares did not receive the "process" to which she was due under the Constitution and Item 504 before she was terminated. Discovery on this point is essential."

(Doc. 30; pg. 6).

VIII.    Conclusion

For all the forgoing reasons, Dr. Mares respectfully submits that her motion to take discovery to respond to the motion for summary judgment by Defendants MVH and PHP is well taken and should be granted.

Respectfully submitted,

MEZIBOV BUTLER
/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com


/s/ Sherman Marek, Esq.
55 East Monroe St., Suite 3800
Chicago, IL 60603
Phone: 312.470.7662
smarek@marekweisman.com

(to be admitted pro hac vice)

*Attorneys for Plaintiff Jacquelyn Mares, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system to all attorneys of record on this 29th day of December, 2021.

/s/ Marc D. Mezibov