UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JACQUELYN MARES, M.D.,

    Plaintiff,

vs.

MIAMI VALLEY HOSPITAL, *et al.*,

    Defendants.

Case No. 3:20-cv-453

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 24); (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT (Doc. No. 29); AND (3) GRANTING, PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT, IF SHE SO CHOOSES, BY MARCH 14, 2022**

---

This civil case is before the Court on the Fed. R. Civ. P. 12(c) motion for judgment on the pleadings (Doc. No. 24) filed by Defendants Wright State University d/b/a Boonshoft School of Medicine; Jerome L. Yaklic, M.D.; G. Theodore Talbot, M.D.; and Albert F. Painter, Psy.D.  In response to the motion, Plaintiff filed an opposition memorandum wherein she moved, in the alternative, for leave to amend her complaint if the Court grants Defendants' motion.  Doc. No. 29 at PageID 219 n.5.  Thereafter, Defendants submitted a Reply (Doc. No. 32).  Thus, these motions are ripe for review.

**I.**

The standard for reviewing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is the same standard for reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless

clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quotation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 582–83 (quotation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential [non-conclusory] allegations respecting all the material elements under some viable legal theory." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motion as well as Plaintiff's alternative motion for leave to amend her complaint and the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the Rule 12 phase of litigation. *See, e.g.*, *Johnson v. Morales*, 946 F.3d 911, 937–39 (6th Cir. 2020). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery on the claims or amended has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *See, e.g.*, *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 568 (6th Cir. 2011).

Accordingly, (1) Defendants' motion for judgment on the pleadings is **DENIED**; (2) Plaintiff's alternative motion for leave to amend is **GRANTED**; and (3) Plaintiff shall file her amended complaint, if she so chooses, by **March 14, 2022**. The Court anticipates reviewing Defendants' arguments on summary judgment after the completion of discovery.

    **IT IS SO ORDERED.**

<u>March 1, 2022</u>　　　　　　　　　　　　　　　<u>s/Michael J. Newman</u>
　　　　　　　　　　　　　　　　　　　　　Hon. Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　United States District Judge