**Archived:** Tuesday, July 19, 2022 2:46:10 PM
**From:** Dunlevey, Karen T. (Dayton)
**Sent:** Tuesday, July 19, 2022 2:44:02 PM
**To:** Rachel Rutter
**Cc:** Marc Mezibov; Drew C. Piersall
**Subject:** RE: Mares - Discovery Issues
**Sensitivity:** Normal

---

Hi Rachel.  Please see the responses below to your email from yesterday:

<u>Medical records</u> – Dr. Mares's medical records are relevant and discoverable for multiple reasons.  First, Dr. Mares claims that her damages include "emotional pain and suffering." (Compl. at ¶24).  Dr. Mares testified that she suffered from multiple traumatic events unrelated to her residency during this same time period. (Mares Depo at 113).  As such, the Defendants are entitled to discovery regarding any statements she may have made to care providers regarding the source of her alleged emotional pain and suffering.  In addition, Dr. Mares attempted (albeit after-the-fact) to blame her unprofessional conduct on "physician burnout." (Mares Depo Ex. AAAA).  Dr. Mares has put her medical condition at issue here, and, as a result, the Defendants are entitled to discovery of her complete medical records.

<u>Dr. Mares's text messages</u> – Dr. Mares testified as follows regarding her selective production of text messages:
    Q:  And how did you search for the text messages that you felt were responsive to your attorney's request?
    A:  I read through all of the text chains from the relevant time period.
    Q:  You read all of your text chains with anybody during that time?
    A:  Well, from the residents or attendings that I had communicated with at that time.
    Q:  And did you pull all of the messages that were during the relevant time period or did you just pick certain messages?
    A:  I only pulled messages that were relevant.  These are personal friends, and I left out personal details.

(Mares Depo. at 282).  This type of self-serving cherry-picking of discoverable evidence is wholly improper.  Since her deposition, has Dr. Mares provided to you her complete archived text messages with the identified individuals for you to review?  If not, you would have no way of knowing whether these messages are discoverable or objectionable.  Clearly, any further admissions of fact are both discoverable and admissible.  In addition, any evidence of ANY grounds for Dr. Mares's termination (whether known or unknown by MVH at the time) is discoverable and admissible (with the after acquired evidence rule applying to any newly-discovered grounds).  This would include any evidence that Dr. Mares violated MVH's policy prohibiting texting between physicians regarding patient care and supervision (See Mares's Depo at 285-286).  If you have received and reviewed all of Dr. Mares's text messages since her deposition and you feel that they are not discoverable, we would have no objection the Court conducting an *in camera* inspection of the messages and determining whether the Court agrees with your assessment.

<u>Defendants' document productions</u> – MVH/PHP's produced documents as they were kept in the usual course of business.  No responsive text messages have been withheld.  I have conferred with Drew, and WSU is not in possession of responsive text messages.

Per the Court's request, I will be submitting a simple motion for an informal discovery conference.  I will be attaching this email chain, which frames our dispute.  In the interim, please let me know if Dr. Mares's position changes on any of these issues.  Thank you.  Karen

---

**From:** Rachel Rutter <rrutter@marekweisman.com>
**Sent:** Monday, July 18, 2022 1:44 PM
**To:** Dunlevey, Karen T. (Dayton) <Karen.Dunlevey@jacksonlewis.com>
**Cc:** Marc Mezibov <mdm@mezibov.com>; Drew C. Piersall <dcp@zrlaw.com>; Marek Weisman Admin <admin@marekweisman.com>
**Subject:** Re: Mares - Discovery Issues

**[EXTERNAL SENDER]**

Hi Karen and Drew,

Thanks for your patience. Please see below for Plaintiff's position on outstanding discovery issues.

**Defendants' Requested Medical Releases/Authorizations:**
Plaintiff will be providing a release for the records from the therapist that Plaintiff engaged with in order to receive counseling services. We anticipate that this release will be provided to Defendants in the next 10-14 days. We will not be providing a release/authorization for any additional medical/treatment providers.

**Text Messages in Dr. Mares' Possession:**
We respectfully disagree with Defendants asserted position that Dr. Mares' text messages "likely include further relevant admissions (that Plaintiff allegedly admitted to unprofessional conduct)." First of all, it is illogical to argue on one hand that Plaintiff has produced text messages that allegedly capture Plaintiff admitting to unprofessional behavior, and then on the other hand argue that Plaintiff has only produced text messages that "reflect most favorably on Dr. Mares." (See Karen Dunlevey's email sent on July 17, 2022 @ 12:25 p.m.). If Plaintiff was withholding relevant text messages, she would have withheld the text messages that Defendants claim include relevant admissions.

Next, Defendants terminated Dr. Mares based on the knowledge that they had in October of 2018, not based on what they didn't know, or based on what they may discover during litigation. Any additional statements made by Plaintiff leading up to or subsequent to her termination have no relevance to the issues of this case. Further demonstrating the lack of relevance of the substance of Plaintiff's text message conversations is the fact that Defendants have filed multiple dispositive motions without Plaintiff's text messages. Defendants were previously confident enough in the evidentiary support of their positions without the text messages they seek and they have failed to establish the relevancy of additional text messages in Dr. Mares' possession. Finally, there has been no allegation or defense asserted by Defendants that Dr. Mares was terminated because of or related to her text conversations with her co-residents, agents and/or employees of Defendants. Plaintiff maintains her possession that Defendants fail to demonstrate relevance that outweigh the burden on Plaintiff to produce the mass of text messages that Defendants seek.

**Text Messages in Defendants' Possession:**
Through formal discovery requests Plaintiff has requested text messages within Defendants and their agents' possession "concerning or relating to Plaintiff's performance as a resident fellow." See specifically, Plaintiff's Requests for Production to Defendant MVH/PHP and WSU Nos. 4 & 5.

Defendant Wright State University/BSOM correctly designated their response these requests, but their designated response (File #3) is completely lacking in any text messages either between Plaintiff and its agents, or any text messages between its agents about/concerning Plaintiff and/or her performance as a resident physician.

Defendant Miami Valley Hospital/Premier Health Partners failed to properly and formally identify which of responsive documents were/are responsive to which of Plaintiff's request, but instead just produced one PDF file with several hundred documents. Pursuant to Fed Rule 34(b) (2)(e), Plaintiff asks that this deficiency be promptly cured.

The requested information/data is clearly relevant as Defendants claim that Plaintiff's termination was a result of her performance as a resident physician, so any text messages/data related to or concerning her performance while in the employ of Defendants is clearly relevant. Further, Defendants MVH and PHP made an objection that "Defendants further state that this Request seeks information equally in the possession of Plaintiff." (Defendant MVH/PHP reiterated it's objection to Plaintiff's RFP #3 in it's response to RFP #4). Plaintiff does not have access to, nor does she have in her possession text message conversations between agents of Defendants pertaining to her performance, especially those conversations to which she was not a party. Please withdraw this objection and respond appropriately.

Please promptly provide the above-mentioned information and supplement your responses in accordance with FRCP 26(e). If there are no responsive documents within your client's possession, please make such a representation in writing and include a description of the due diligence search conducted (please keep in mind that we know that at least some text messages exist as Plaintiff has previously produced some text message conversations between herself and Defendants agents). If you claim a privilege of some sort and are withholding production, please provide an appropriate privilege log and a legally recognized objection (i.e., something other than, "relevance", "overly broad" or "unduly burdensome.")

Rachel Rutter
Attorney
Marek Weisman LLC
55 E Monroe St. Suite 3800
Chicago, Illinois 60603
312-470-7662

IMPORTANT: This electronic mail message and any attached files contain information intended for the exclusive use of the individual(s) or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

On Jul 18, 2022, at 9:39 AM, Dunlevey, Karen T. (Dayton) <Karen.Dunlevey@jacksonlewis.com> wrote:

Good morning. Any objection to me simply attaching this email thread to our joint motion for an informal discovery conference? Thanks. Karen

**Karen T. Dunlevey**

**Jackson Lewis P.C.**
8534 Yankee Street
Suite E
Dayton, OH 45458
Direct: (937) 813-7895 | Main: (937) 949-3846 | Mobile: (937) 609-7796

**Mailing and Package Delivery Address:**
Jackson Lewis P.C.
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202

Karen.Dunlevey@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Dunlevey, Karen T. (Dayton) <Karen.Dunlevey@jacksonlewis.com>
**Sent:** Sunday, July 17, 2022 12:25 PM
**To:** Marc Mezibov <mdm@mezibov.com>
**Cc:** Rachel Rutter <rrutter@marekweisman.com>; Drew C. Piersall <dcp@zrlaw.com>; Sherman Marek <smarek@marekweisman.com>
**Subject:** RE: Mares - Discovery Issues

Hi Marc.  Fair enough.  Dr. Mares's claims are not limited to denial of due process.  Her complaint includes a claim of breach of contract relating to the termination of her employment at MVH.  The selective text messages that you previously produced include admissions of unprofessional conduct by Dr. Mares.  The withheld messages likely include further relevant admissions.  In addition, you produced bits and pieces of conversations between Dr. Mares and other physicians (presumably the bits and pieces that reflect most favorably on Dr. Mares).  We are entitled to see the complete conversations and any others that were withheld entirely.  The requested messages may also reveal additional acts of unprofessionalism, as well as relevant policy violations, all of which are relevant to the termination of Dr. Mares's employment.  The messages could also provide information relevant to your assertion that Dr. Mares was suffering from physician burnout during this period of time.  The requested messages are limited in scope to people involved with the residency program and with her employment at MVH.  The requested messages are further limited to the period of time encompassing only the most recent acts of unprofessional conduct and the due process proceedings.  These are among the reasons why these messages are relevant.  Further you've provided no explanation for your claim that these messages are somehow privileged.  These texts are discoverable and should be produced.  Please let us know your position on this.  Thank you.  Karen

**Karen T. Dunlevey**
Attorney at Law

**Jackson Lewis P.C.**
8534 Yankee Street
Suite E
Dayton, OH 45458
Direct: (937) 813-7895 | Main: (937) 949-3846 | Mobile: (937) 609-7796

**Mailing and Package Delivery Address:**
Jackson Lewis P.C.
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Karen.Dunlevey@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Marc Mezibov <mdm@mezibov.com>

**Sent:** Thursday, July 14, 2022 11:57 AM
**To:** Dunlevey, Karen T. (Dayton) <Karen.Dunlevey@jacksonlewis.com>
**Cc:** Rachel Rutter <rrutter@marekweisman.com>; Drew C. Piersall <dcp@zrlaw.com>; Sherman Marek <smarek@marekweisman.com>
**Subject:** RE: Mares - Discovery Issues

[EXTERNAL SENDER]

Hi Karen,
What would be helpful in attempting to reach a compromise is understanding what it is you believe you will discover from the production of all these emails. Your clients decided to dismiss her for her alleged unprofessionalism . The issue in the case is whether she was provided a fair opportunity  ( due process) to establish that her dismissal was not conducted in compliance with the terms of her contract of the constitution. I do not understand how the substance of these text messages bears on these issues. At the least, where the information sought is not only possibly privileged but also burdensome,  you should demonstrate how or why this discovery makes a difference. Then we can discuss options for getting you what you plausibly need.   Thanks.    Marc

**From:** Dunlevey, Karen T. (Dayton) <Karen.Dunlevey@jacksonlewis.com>
**Sent:** Thursday, July 14, 2022 8:59 AM
**To:** Marc Mezibov <mdm@mezibov.com>
**Cc:** Rachel Rutter <rrutter@marekweisman.com>; Drew C. Piersall <dcp@zrlaw.com>
**Subject:** RE: Mares - Discovery Issues
**Importance:** High

Hi Marc.  In the spirit of compromise, we are willing to limit the request for production of Dr. Mares's text messages with any current or former employee of any defendant (including but not limited to the listed individuals) to the six (6) month time period from August 1, 2018 through January 30, 2019.  Given Dr. Mares's testimony that she did not address patient care via text message, there should not be any issue with privilege.  In the unlikely event that the messages contain any otherwise protectable confidential information, we can address those with an appropriate protective order.  Of course, if this limited production reveals grounds justifying a broader production responsive to our original requests, we reserve the right to ask the Court to compel that.  Finally, this production should not be burdensome at all in light of the YouTube tutorial you sent us on June 27th demonstrating the method used for your initial production of selective text messages.  Indeed, a complete backup of all messages should already exist and culling complete message threads for this limited timeframe should be simple.  Please let us know if you are agreeable to the foregoing and, if so, when we can expect to receive your supplemental production.  If needed, we can address this in our call with Judge Newman next week.  Thank you.  Karen

### Karen T. Dunlevey
Attorney at Law

**Jackson Lewis P.C.**
8534 Yankee Street
Suite E
Dayton, OH 45458
Direct: (937) 813-7895 | Main: (937) 949-3846 | Mobile: (937) 609-7796

**Mailing and Package Delivery Address:**
Jackson Lewis P.C.
PNC Center
26th Floor
201 E. Fifth Street

Cincinnati, OH 45202
Karen.Dunlevey@jacksonlewis.com | www.jacksonlewis.com

**From:** Travis Ball <tball@mezibov.com> **On Behalf Of** Marc Mezibov
**Sent:** Thursday, June 30, 2022 5:25 PM
**To:** Dunlevey, Karen T. (Dayton) <Karen.Dunlevey@jacksonlewis.com>; Drew C. Piersall <dcp@zrlaw.com>
**Cc:** Rachel Rutter <rrutter@marekweisman.com>; Sherman Marek <smarek@marekweisman.com>

**Subject:** RE: Mares - Discovery Issues

[EXTERNAL SENDER]

**From:** Marc Mezibov <mdm@mezibov.com>
**Sent:** Thursday, June 30, 2022 4:45 PM
**To:** Travis Ball <tball@mezibov.com>
**Subject:** FW: Mares - Discovery Issues

**From:** Dunlevey, Karen T. (Dayton) <Karen.Dunlevey@jacksonlewis.com>
**Sent:** Thursday, June 30, 2022 9:31 AM
**To:** Marc Mezibov <mdm@mezibov.com>
**Cc:** Drew C. Piersall <dcp@zrlaw.com>; Rachel Rutter <rrutter@marekweisman.com>
**Subject:** Mares - Discovery Issues

Good Morning, Marc.  In light of Dr. Mares's deposition testimony, the Defendants are renewing their request for the production of ALL text messages between Dr. Mares and any current or former agent, employee or representative of any of the Defendants, including but not limited to: Dr. Bethany Charron, Dr. Elena Fuell Wysong, Dr. Keshia Torres, Dr. Michelle Durrant, Dr. Emily Kemner, Dr. Danielle Holland and/or Dr. Tony Pickrel, as responsive to Request No. 11.  Dr. Mares testified yesterday that she cherry-picked (not her words) which text messages she thought were relevant to her claims.  As you are aware, Rule 26 entitles us to any nonprivileged matter that is relevant to our defense.  As the sampling of text messages that have been produced already contain a variety of admissions by Dr. Mares, which are highly relevant to both the concerns that gave rise to her dismissal and to the fact that she received due process, we are certainly entitled to review the rest of the messages which she was not comfortable producing.

In addition, please have Dr. Mares sign the attached medical authorizations/releases for both the family practice physician that she saw during her residency and Matt Smith, LSW and Betterhelp.  In light of her claim for non-economic damages for emotional pain and suffering, these medical records are discoverable.

Finally, can you please confirm President Edwards' deposition on July 20 at 2:00?

Thank you.  Karen

**Karen T. Dunlevey**
Attorney at Law

**Jackson Lewis P.C.**
8534 Yankee Street
Suite E
Dayton, OH 45458
Direct: (937) 813-7895 | Main: (937) 949-3846 | Mobile: (937) 609-7796

**Mailing and Package Delivery Address:**
Jackson Lewis P.C.
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Karen.Dunlevey@jacksonlewis.com | www.jacksonlewis.com